# UNTIED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARK BEAUCHAMP,

        Plaintiff,

v.

BARBARA SAMPSON, JAMES
ATTERBERRY, MIGUEL BERRIOS,
CHARLES BROWN, PAUL CONDINO
JODI DeANGELO, STEPHEN DeBOER,        CASE NO. 10-12901
TED HAMMON, ROBERT AGUIRRE,
ANTHONY E. KING, DAVID R.        HON. MARIANNE O. BATTANI
KLEINHARDT, JOHN SULLIVAN,
LAURIN' C. THOMAS, SONIA
WARCHOCK, MARIANNE SAMPER,
ARTINA HARTMAN, individually and in
their official capacities as members of the
Michigan Parole Board, and PATRICIA L.
CARUSO, individually and in her official
capacity as director of the Michigan
Department of Corrections,

        Defendants.
_____/

## ORDER OVERRULING DEFENDANTS' OBJECTIONS, ADOPTING-IN-PART AND REJECTING-IN-PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court are Defendants' objections (Doc. 17) to the Magistrate Judge's July 29, 2011 Report and Recommendation ("R&R") (Doc. 16). In the R&R, the Magistrate Judge recommended that the Court grant-in-part and deny-in-part Defendants' Rule 12(b)(6) motion to dismiss (Doc. 12). Specifically, the Magistrate Judge recommended that the motion be granted as to Plaintiff's Ex Post Facto claim, but denied as to his due process claim. For the reasons that follow, the Court

**OVERRULES** Defendants' objections, **REJECTS** the R&R to the extent it finds that Plaintiff has stated a colorable due process claim, **ADOPTS** the R&R in all remaining aspects, and **GRANTS** Defendants' motion to dismiss in-full.

## I.      STATEMENT OF FACTS

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R.  See (Doc. 16 at 2-3).

## II.     STANDARD OF REVIEW

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III.    ANALYSIS

Defendants filed two objections to the Magistrate Judge's July 29, 2011 R&R: (1) Plaintiff lacks standing to pursue his due process claim and (2) the Magistrate Judge erred in concluding that the doctrine of res judicata did not bar Plaintiff's due process claim.  (Doc. 17).   Plaintiff did not file objections.  The Court reviews Defendants' objections before addressing the viability of Plaintiff's due process claim.

A.       Objection #1 – Standing

Defendants' argue Plaintiff lacks standing to litigate his due process claim because he did not name Judge Swartz as a Defendant.  (Doc. 17 at 2-3).   Defendants' base their argument on the notion that Plaintiff's claim is focused solely on Judge Swartz's "judicial veto" of his parole and not on any action taken by Defendants. Plaintiff argues he has standing because Defendants have the exclusive authority to determine whether he obtains a public parole hearing and, ultimately, whether he is eligible for parole and release.  The Court agrees with Plaintiff.

Before reviewing the merits, the Court notes Defendants' "objection" is procedurally improper.  Defendants admit they did not raise the standing issue before the Magistrate Judge.  (Doc. 17 at 3).  In general, parties cannot raise arguments in objections to a report and recommendation that they did not bring before the magistrate judge.  See Murr v. United States, 200 F.3d 895, 901 n. 1 (6th Cir. 2000); The Glidden Co. v. Kinsella, 386 F.App'x. 535, 544, n. 2 (6th Cir. 2010) ("[A] party's failure to raise an argument before the magistrate judge constitutes a waiver.").  However, the Court is nevertheless obligated to address Defendants' "objection" because it challenges the Court's subject matter jurisdiction.  See Kontrick v. Ryan, 540 U.S. 443, 456 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); Morrison v. Board of Ed. of Boyd County, 521 F.3d 602, 608 (6th Cir. 2008) (explaining that standing is a fundamental element for federal court subject matter jurisdiction).

Article III, § 2, of the Constitution restricts federal court jurisdiction to the resolution of actual "Cases" and "Controversies."  Sprint Comm'ns Co. v. APCC Servs.,

3

Inc., 554 U.S. 269, 273 (2008).  The "case-or-controversy" requirement is satisfied only where a plaintiff has standing.  Id.  A plaintiff establishes Article III standing by "tracing a concrete and particularized injury to the defendant-whether actual or imminent-and establishing that a favorable judgment would provide redress."  Morrison, 521 F.3d at 608 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

The Court finds Plaintiff has standing to pursue a due process claim against Defendants.  In this case, Plaintiff challenges Defendants' application of Judge Swartz's "judicial veto" letter issued pursuant to Mich. Comp. Laws § 791.234(8)(c).   Under Michigan law, Defendants possess the "exclusive jurisdiction and discretion to parole a prisoner."  Morales v. Michigan Parole Bd., 676 N.W.2d 221, 234 (Mich. Ct. App. 2003). A prisoner serving a parolable life sentence, such as Plaintiff, may be paroled "only after the prisoner has proceeded through the initial interview, avoided judicial veto, and advanced through a public hearing to the ultimate decision of the Parole Board at which time the Parole Board either grants or denies parole."  Gilmore v. Parole Board, 635 N.W.2d 345, 361 (Mich. Ct. App. 2001).  Here, Plaintiff seeks to enjoin Defendants from considering Judge Swartz's judicial veto in connection with his parole review because, according to Plaintiff, it impermissibly deprives him of a public parole hearing, effectively re-sentences him to a harsher punishment in violation of due process, and prevents the possibility of any legitimate parole review.  (Doc. 9).  In other words, Plaintiff claims Defendants application of the judicial veto under his individual circumstances violates due process.  This "as-applied" challenge does not require Plaintiff to name Judge Swartz as a defendant.

4

Moreover, a final judgment in Plaintiff's favor would provide redress.  In his amended complaint, Plaintiff seeks injunctive relief against the Parole Board and the Department of Corrections, not Judge Swartz.  See (Doc. 9 at 7).  If Plaintiff ultimately prevails, the Court would enjoin Defendants from applying Mich. Comp. Laws § 791.234(8)(c) on due process grounds, not enjoin Judge Swartz from issuing a judicial veto letter.  Accordingly, the Court overrules Defendants' "objection" and finds Plaintiff has standing to litigate his due process claim.

### B.    Objection #2 – Preclusive Effect of Earlier Parole Litigation

Defendant objects to the Magistrate Judge's conclusion that res judicata does not bar Plaintiff's due process claim.  (Doc. 17 at 3-5).  Defendants argue Foster v. Booker, 595 F.3d 353 (6th Cir. 2010) and Shabazz v. Garby, 123 F.3d 909 (6th Cir. 1997) preclude Plaintiff's claim under the doctrine of res judicata because the class-action prisoner plaintiffs in these cases could have attacked the statutory "judicial veto" on due process grounds, but did not.  Plaintiff argues the issues raised in his specific, individualized due process claim could not have been litigated in the context of those class actions.

The doctrine of res judicata holds that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  Montana v. U.S., 440 U.S. 147, 153 (1979) (citations omitted). The party raising res judicata as an affirmative defense carries the burden of establishing four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes

of action. Bragg v. Flint Bd. Of Educ., 570 F.3d 775, 776 (6th Cir. 2009) (citation omitted).

There is no error in the Magistrate Judge's res judicata analysis.  The R&R correctly concludes that although Defendants' can establish the first two elements, they cannot establish the third and fourth.  Plaintiff has made clear he is not challenging the existence of the statutory judicial veto process enacted in 1982; instead, he argues he was effectively re-sentenced to a harsher penalty through a judicial veto of his parole in violation of due process.  Plaintiff's individualized claim is not within the preclusive scope of Foster and Shabazz.   The class members in those cases furthered a constitutional attack on the systematic changes to their parole review that occurred because of legislative changes in 1992 and 1999.  See Foster, 595 F.3d at 356-359; Shabazz, 123 F.3d at 910.  The issues raised in Plaintiff's due process claim were not litigated in Foster or Shabazz.   Moreover, Plaintiff's claim could not have litigated in those cases because neither class alleged the Parole Board used the judicial veto to effectively re-sentence prisoners to harsher penalties in violation of due process.  Additionally, it would have been impossible for the plaintiffs in those earlier cases to raise Plaintiff's claim - Judge Swartz's "judicial veto" occurred years after those class-action complaints were filed.  Therefore, the Court overrules Defendants' objection and concludes the doctrine res judicata is no bar to Plaintiff's due process claim.

### C.    Plaintiff's Due Process Claim

Although Defendants do not object to the Magistrate Judge's conclusion that Plaintiff advances a colorable due process claim, the Court rejects that portion of the R&R.  Plaintiff bases his due process claim on the idea that Judge Swartz's judicial veto

of his parole hearing made his plea-bargain to "life with possibility of parole" illusory and effectively resentenced Plaintiff to first degree, premeditated murder, with no possibility of parole.  (Doc. 9, ¶ 31).  Plaintiff explains, "[t]he fact of the matter is that Judge Swartz, has, in effect, imposed a punishment greater than that actually imposed or contemplated by the sentencing Judge."  (Doc. 18 at 3).  It is clear that Plaintiff is not challenging the entire parole system; rather, he is alleging that the specific actions of Judge Swartz have "effectively" resentenced him to harsher penalty in violation of due process.

The Magistrate Judge accepted Plaintiff's due process theory of the case and found that he has stated a legitimate constitutional claim.  (Doc. 16 at 9-10).  This finding is based upon the Sixth Circuit's discussion of hypothetical due process challenges to parole procedures in <u>Foster</u>.  (<u>Id</u>. at 10-11).  In that case, the court analyzed three possible due process theories that a litigant could use to attack specific parole procedures.  First, "a due process claim could be taken as a challenge to the sufficiency of parole procedures under general procedural due process principles applicable when liberty or property interests are deprived by the government."  <u>Foster</u>, 595 F.3d at 368.  A second "due process theory would be analogous to ex post facto jurisprudence, protecting against punishment that could not have been anticipated when the crime was committed, but where ex post facto protections technically do not apply because the increased punishment does not result from a promulgated statute or regulation.  A third theory would be that constitutional due process precludes the imposition of punishment greater than that actually imposed or contemplated by the sentencing judge."  <u>Id</u>.

In the R&R, the Magistrate Judge correctly determined that Plaintiff's due process claim fails under the first theory because he has no protected liberty interest in parole. (Doc. 16 at 10). Plaintiff does not object to this conclusion; he maintains his claim falls under the second and/or third theories. The Magistrate Judge agreed, reasoning that Plaintiff has stated a claim under the second theory because he "alleged that the punishment imposed upon him was a direct result of Judge Swartz's actions, and not necessarily due to a statute or regulation." (Id.). As for the third theory, the Magistrate Judge stated:

> Judge Swartz's statement that Plaintiff should not be paroled because he could have been found guilty of first-degree murder – and should be punished as such – could be taken as a retroactive increase in Plaintiff's punishment. Plaintiff's original plea bargain called for him to be sentenced for second-degree murder. If, in fact, Judge Swartz has decided to increase the severity of the Plaintiff's punishment based solely on his belief that the facts establish a basis for a punishment of first-degree murder, then he may have in effect re-sentenced the Plaintiff beyond the limits actually imposed by the sentencing court, which would be a violation of Plaintiff's due process rights.

(Id. at 10-11).

The Magistrate Judge erred in accepting the proposition that Judge Swartz's judicial veto caused Plaintiff to suffer a harsher penalty than originally imposed. Judge Campbell sentenced Plaintiff to life in prison with the possibility of parole; this did not guarantee that he would ever be paroled, nor did it guarantee that he would even be given a parole hearing. Judge Swartz's judicial veto of Plaintiff's initial public parole hearing did not retroactively increase his sentence by "effectively" removing all possibility of parole. It is clear that Plaintiff retains the possibility of parole under the applicable law. For instance, Judge Swartz could reverse his position on the matter during a subsequent parole review. See MICH. COMP. LAWS § 791.234(8). It is also

possible that Judge Swartz could be replaced with another judge who would reconsider Plaintiff's parole situation.   Consequently, the possibility of Plaintiff's parole remains within the discretion of the parole board, subject to the successor judge's use of a judicial veto to prevent a public hearing until the next scheduled parole review.   Under these circumstances, the Court rejects the notion that the judicial veto increased Plaintiff's punishment by "effectively" eliminating the possibility of parole.

Having determined that there has been no retroactive increase in Plaintiff's sentence, the Court finds that the due process claim falls flat under the second and third theories discussed in <u>Foster</u>.   Beginning with the second theory, though initially described as a "possible" basis of due process liability, one paragraph later, the court unambiguously stated, "such a theory is not supported in the law."   <u>Foster</u>, 595 F.3d at 368.   The court explained, "there is no apparent reason that such limits on the applicability of the Ex Post Facto Clause should not govern an application of the Due Process Clause that would protect the identical underlying interest."   <u>Id</u>.

Here, despite recommending that the Court dismiss Plaintiff's Ex Post Facto claim, the Magistrate Judge nevertheless found that Plaintiff has stated claim under the second theory because it was a specific act of Judge Swartz that increased Plaintiff's punishment, and not the post-sentence enactment of statutes or regulations.   The Magistrate Judge erred because the <u>Foster</u> opinion makes clear that the second theory of due process liability does not exist in the Sixth Circuit.   <u>Accord</u> <u>Shultz v. Berrios</u>, 2010 WL 5865372, *5 (E.D. Mich. Nov. 22, 2010) (acknowledging the Sixth Circuit's rejection of the second theory in <u>Foster</u>).   Even if it did, there can be no due process violation because the judicial veto did not increase Plaintiff's sentence.

Relatedly, there is no violation under the third theory because, assuming such a theory even exists, the judicial veto did not impose a punishment greater than that actually imposed or contemplated by the sentencing judge.  See Foster, 595 F.3d at 369 ("We assume for the sake of argument that the Due Process Clause would prohibit the imposition of punishment beyond limits explicitly imposed by the sentencing court, at least in the absence of some further infraction.").  Accordingly, the Court rejects the R&R to the extent it finds that Plaintiff advances a viable due process claim, and therefore, grants Defendants' motion to dismiss in-full.

## IV.   CONCLUSION

For the reasons stated above, the Court **OVERRULES** Defendants' objections (Doc. 17), **REJECTS** the R&R to the extent it finds that Plaintiff has a valid due process, **ADOPTS** the R&R in all remaining aspects (Doc. 16), and **GRANTS** in-full Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Doc. 12).

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATE:  September 27, 2011

10

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the above date a copy of this Order was served upon All parties of record via the Court's ECF System.

<u>s/Bernadette M. Thebolt</u><br>
Case Manager